IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE THYE BONNER, | : | CIVIL ACTION NO. **1:CV-12-2582** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| MIKE WENEROWICZ, *et al.*, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On December 26, 2012, Petitioner, Eugene Thye Bonner, currently an inmate at SCI-Graterford, Graterford, Pennsylvania, filed, *pro se*, a Petition Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 2). Petitioner names as a Respondent Mike Wenerowicz, Superintendnet at SCI-Graterford.

We have not yet issued a Show Cause Order and directed Respondents to respond to the habeas petition. We now give preliminary consideration to the habeas petition pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[1]

Petitioner states that after he pled guilty, he was convicted on December 3, 2007, in the Court of Common Pleas of Lancaster County. Petitioner states that he was sentenced for several robbery and related offenses on January 29, 2008, to a prison sentence of 40 to 80 years.

---

[1]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Petitioner challenges his Lancaster County judgment of sentence claiming, in part, that his guilty plea was not knowingly and voluntarily made since his trial counsel was ineffective. Petitioner also raises other ineffective assistance of trial counsel claims. Petitioner attached Exhibits to his habeas petition regarding his attempts to have exhausted his state court remedies.

As relief in his habeas petition, Petitioner seeks the court to re-sentence him or to order a new trail for him in Lancaster County.

**II. Discussion.**

In the above-referenced § 2254 habeas case, Petitioner indicates that all of the events surrounding his present habeas claims occurred in Lancaster County which is located in the Eastern District of Pennsylvania. Petitioner challenges his 40 to 80 year prison sentence imposed by the Lancaster County Court.

With respect to Petitioner's challenge to his Lancaster County Court sentence and his claims that his Lancaster County trial counsel was ineffective, we will recommend that Petitioner 's §2254 habeas petition be transferred to U.S. District Court for the Eastern District of Pennsylvania. Petitioner appears to indicate that he exhausted his state court remedies regarding his challenge to his Lancaster County sentence.[2] Petitioner's instant habeas claims do not relate to his present confinement at SCI-Graterford which is located in the Middle District of Pennsylvania.

---

[2] *See Peterson v. Shannon*, 2008 WL 5225819, *3 (M.D. Pa. 12-12-08)("As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas relief in federal court.")(citation omitted).

2

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is challenging his 40 to 80 year prison sentence imposed by the Lancaster County Court. Petitioner is claiming that his Lancaster County trial counsel was ineffective. Petitioner's claims all accrued in the Eastern District of Pennsylvania. All records of Petitioner's state court conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania.

We find that the Court should transfer Petitioner's habeas petition to the United States District Court for the Eastern District of Pennsylvania. We find that for the convenience of the parties and witnesses, and in the interest of justice this Court should transfer Petitioner's habeas petition to the United States District Court for the Eastern District of Pennsylvania. *See Akers* v. *Diuglielmo*, 2008 WL 4847048 (E.D. Pa. Nov. 5, 2008). As discussed, all of the conduct giving rise to Petitioner's habeas claims, as well as his challenged sentence, occurred in the Eastern District of Pennsylvania. *See Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diuglielmo*, 2007 WL 1437491 (E.D. Pa.); *Morales v. Palakovich*, Civil No. 10-0036, M.D. Pa., 2-9-10 Order, J. Kosik (§ 2254 Habeas Petition of inmate confined in Middle District of Pennsylvania challenging his Lancaster County, Pennsylvania, conviction and

sentence was transferred to the Eastern District of Pennsylvania).

Thus, we will recommend that Petitioner Haas' habeas petition be transferred to the United States District Court for the Eastern District of Pennsylvania.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Bonner's habeas petition be transferred to the United States District Court for the Eastern District of Pennsylvania.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: January 3, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE THYE BONNER, | : | CIVIL ACTION NO. **1:CV-12-2582** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| MIKE WENEROWICZ, *et al.*, | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **January 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

    Failure to file timely objections may constitute a waiver of any appellate rights.

                                                 **s/ Thomas M. Blewitt**
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: January 3, 2013**